**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADLEY WILLIAM MONICAL, | No. 18-36057 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00501-YY |
| v. | |
| CHRISTINA TOWERS; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| JANE DOE; JOHN DOE, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding**

Submitted February 4, 2020***

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Oregon state prisoner Bradley William Monical appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging due process and equal protection claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019). We affirm.

The district court properly granted summary judgment on Monical's due process claim related to his 16-day stay in administrative segregation and temporary segregation because Monical failed to raise a genuine dispute of material fact as to whether his stay "implicated a protected liberty interest." *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003) (explaining that "a prisoner is entitled to certain due process protections . . . only when the disciplinary action implicates a protected liberty interest" or imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" (citation and internal quotation marks omitted)); *id*. at 1078 ("Typically, administrative segregation in and of itself does not implicate a protected liberty interest").

The district court properly granted summary judgment on Monical's due process claim related to the alleged errors in the misconduct report because Monical failed to raise a triable dispute as to whether the information in the report was incorrect. *See* Fed. R. Civ. P. 56(a) (the court shall grant summary judgment where "there is no genuine dispute as to any material fact").

The district court properly granted summary judgment on Monical's due process claim relating to the alleged misapplication of the Oregon Administrative Rules which resulted in defendants' failure to credit properly Monical's time spent in segregation at Jackson County Jail because defendants were entitled to qualified immunity. *See Morales v. Fry*, 873 F.3d 817, 822 (9th Cir. 2017) (outlining two-prong test for qualified immunity and explaining that district courts may "address the two prongs in whichever order would expedite resolution of the case"). It would not have been clear to every reasonable prison official that such conduct was unlawful under the circumstances. *See Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016) (for a right "[t]o be clearly established" for purposes of qualified immunity, "a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Monical's equal protection claim because Monical failed to raise a triable dispute as to whether defendants "intentionally treated [him] differently from others similarly situated" or whether "there [was] no rational basis for the difference in treatment." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (citation omitted).

The district court did not abuse its discretion in denying Monical's motion to

18-36057

appoint counsel because Monical did not demonstrate exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (setting forth standard of review and requirements for appointment of counsel).

The district court did not abuse its discretion in denying Monical's motion to compel discovery because Monical failed to demonstrate "actual and substantial prejudice" as a result of the denied discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

We reject as meritless Monical's contentions that the district court failed to consider his verified civil complaint as summary judgment evidence and should have *sua sponte* granted him summary judgment.

**AFFIRMED**.

18-36057